Case No. 2:09-CV-62

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE,

NORTHEASTERN DIVISION

In re:

PALADIN HOLDINGS, INC.

v.

GENERAL ELECTRIC CAPITAL CORP.,

UNITED STATES OF AMERICA,

Appellees

On Appeal from the United States Bankruptcy Court
For the Eastern District of Tennessee
Northeastern Division

BRIEF OF THE UNITED STATES OF AMERICA

JAMES R. DEDRICK
United States Attorney
Eastern District of Tennessee

J. GREGORY BOWMAN
Assistant U.S. Attorney
220 West Depot Street; Suite 423
Greeneville, TN 37743
423/823-5023

Attorneys for Appellees

# TABLE OF CONTENTS

TABLE OF CONTENTS .............................................. i

TABLE OF AUTHORITIES ........................................... ii

BRIEF OF THE UNITED STATES OF AMERICA .......................... 1

    Issue for Review ........................................... 1

    Standard of Review ......................................... 1

    Procedural and Factual Background .......................... 2

CERTIFICATE OF SERVICE ......................................... 6

# TABLE OF AUTHORITIES

**CASES**                                                                                            **PAGE**

*In re Winshall Settlor's Trust*, 758 F.2d 1136 (6th Cir. 1985) . . . . . . . . . . . . . . . . . 3

*In re Laguna Assoc. Ltd. P'ship,* 30 F.3d 734 (6th Cir. 1994) . . . . . . . . . . . . . . . 3-5

*In re Trident Associates Limited Partnership*, 52 F.3d 127 (6th Cir. 1995) . . . . 1, 2


**STATUTES, RULES AND REGULATIONS**

11 U.S.C. § 1112(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
NORTHEASTERN DIVISION

In re:

PALADIN HOLDINGS, INC.,

    Appellant,

v.

GENERAL ELECTRIC CAPITAL CORP.,
UNITED STATES OF AMERICA,

    Appellees.

Case No. 2:09-CV-0062
Appeal from Bankruptcy
Case No. 08-52126

## BRIEF OF THE UNITED STATES OF AMERICA

Comes now the United States of America, on behalf of the Department of the Treasury, Internal Revenue Service, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee and files this brief in opposition to the appellant.

I. **Issue for Review**

The sole issue for review is whether the bankruptcy court erred in holding that the debtor's Chapter 11 petition should be dismissed by reason of having filed its petition in bad faith.

II. **Standard of Review**

Factual determinations of the bankruptcy court are reviewed by this court only for clear error. *In re Trident Associates Limited Partnership*, 52 F.3d 127, 131 (6th Cir. 1995). "[T]he finding of bad faith is a fact based determination that is reviewed for clear error." *Id.* at 132. Legal conclusions are reviewed *de novo. Id.* at 131.

III. **Procedural and Factual Background**[1]

The debtor filed its voluntary petition under Chapter 11 (the "Petition") on October 30, 2008. [Doc. 37]. Prior to the filing of the debtor's Petition, creditor, General Electric Capital Corporation ("GECC") obtained a monetary judgment against Bad Toys Holdings, Inc, the predecessor of the debtor company, in the United States District Court of the District of Maryland in the amount of $1,958,238.82. [Ex. 1 to Tr.]. The District Court of Maryland issued an Order on August 13, 2008 to show cause why the debtor, and its president /majority shareholder, Larry Lunan, should not be held in contempt for failure to comply with the court's order relating to a consent in aid of judgment, entered by the debtor, requiring it to produce to GECC, the stock certificates for any of the debtor's subsidiaries or other stock holdings to be held pending satisfaction of GECC's judgment, and an accounting of the transfers of the debtor's stock holdings from February 3, 2005. [Exs. 2 & 3 to Tr.]. The Court's deadline to show cause was October 20, 2008.[2] This order warned that non-compliance could result in an arrest warrant issuing for Lunan's arrest. [Ex. 3 to Tr.] The debtor did not comply with the District Court's order, but instead, filed the Chapter 11 petition at issue, thus forestalling the District Court's finding of contempt and the issuance of an arrest warrant. [Tr. at 16, ll. 7 - 22; Tr. at 19, ll. 8-14].

---

[1] Citations to the record will be by reference to the document numbers 1 -41 transmitted to this Court as the record on appeal, with the exception that references to Document 36, the transcript of proceedings, will be by reference to "Tr." and to the applicable page and line numbers.

[2] The deadline was later extended to October 30, 2008, the same day the debtor's Chapter 11 petition was filed. [Tr. at 19, ll. 11-14; Doc. 37].

On December 31, 2008, GECC filed a motion to dismiss the debtor's Chapter 11 petition on the basis that the debtor's petition was filed in bad faith. [Doc. 21]. A hearing was held before the honorable Marcia Parsons, United States Bankruptcy Judge for the Eastern District of Tennessee, on February 13, 2009. [Doc. 31]. At the hearing, both the United States Trustee and the United States of America, on behalf of its agency, the IRS, supported the dismissal of the Petition. [Tr. at 4, ll. 18 - 23; Tr. at 11, ll. 7-8]. Following the presentation of both documentary evidence and testimony, the Bankruptcy Court made findings of fact and conclusions of law from the bench, granting GECC's motion to dismiss on the basis that the debtor's Petition was filed in bad faith. [Tr. at 68 - 75].

IV. **Argument**

11 U.S.C. § 1112(b) permits a bankruptcy court to dismiss a petition for "cause." While "cause" is not defined, this Circuit has "long acknowledged that bad faith may serve as a ground for dismissal of a petition." *In re Laguna Assoc. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994). "[A]n implicit prerequisite to the right to file is 'good faith' on the part of the debtor, the absence of which may constitute cause for dismissal of a petition under Section 1112(b)." *In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir. 1985). Whether the petition was filed in good faith falls to the discretion of the bankruptcy court, based upon factual inquiry. *In re Laguna Assoc. Ltd. P'ship*, at 738. No one factor is dispositive in the determination, but the following factors have been found to be significant in evaluating a debtor's good faith:

(1) the debtor has one asset;

(2) the pre-petition conduct of the debtor has been improper;

(3) there are only a few unsecured creditors;

(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

(6) the filing of the petition effectively allows the debtor to evade court orders;

(7) the debtor has no ongoing business or employees; and

(8) the lack of possibility of reorganization.

*In re Laguna Assoc. Ltd. P'ship*, at 738.

The Bankruptcy Court considered each of the *In re Laguna Assoc. Ltd. P'ship* factors, and determined that numerous factors applied to the debtor, thus determining the debtor's petition was filed in bad faith. Notably, while the debtor, in its brief, argues that "GECC provided no witness to substantiate its claims," it was the debtor's own president/CEO and majority shareholder, Larry Lunan, that provided the testimony that substantiated the application of the *In re Laguna Assoc. Ltd. P'ship* factors. As to the first factor, Mr. Lunan testified that the debtor's only assets were its interests in its subsidiaries, only one of which was operating, Bad Toys, Inc., and a judgment against Jimmy Chalmers.[3] [Tr. at 51, ll. 11-12; Tr. at 52, ll. 1-15; Tr. at 53, ll. 1-13; Tr. at 57, ll.

---

[3] Another subsidiary of the debtor's Southland subsidiary, Emergystat of Sulligent, Inc., was previously before this Court on two bankruptcy appeals, case nos. 2:08cv26 and 2:08cv28. Those bankruptcy appeals were dismissed as moot following a dismissal of the underlying bankruptcy petition. Emergystat of Sulligent, Inc. ceased operations during the bankruptcy. [Tr. at 47, ll. 9-15].

4

1-21]. That subsidiary had no profit in 2008, and the debtor derived no income from it. [*Id.*]. No collection efforts have been undertaken by the debtor against Chalmers, and Chalmers has since filed a Chapter 11 bankruptcy, though it is unknown if the debtor's judgment has been discharged. [Tr. at 57, ll. 22-25; Tr. at 58, ll. 1-25; Tr. at 59, ll. 1-9].

The second factor is likewise met, the debtor having failed to comply with the order of a United States District Court to provide stock certificates to GECC. The fifth factor is met as well, the debtor having come to a standstill in other litigation with GECC. This behavior also meets the sixth factor, since the filing of a Chapter 11 petition by the debtor was clearly an attempt to evade the order of the Maryland District Court. The seventh factor is also met, the debtor being a holding company, with its only employees being the president/CEO and his daughter. [Tr. at 20, ll. 1-12; Tr. at 21, ll. 13-18]. The debtor has no ongoing business operations. [Tr. at 51, ll. 4-7].

Finally, the eighth factor is met, the debtor having little likelihood of reorganization. In the three and one half months from the filing of the debtor's petition to the hearing on GECC's motion to dismiss, the debtor made hardly any efforts in establishing a legitimate plan of reorganization despite the fact that the exclusivity period for filing a plan ran two weeks after the hearing. [Tr. at 72, ll. 13-17]. Mr. Lunan testified that reorganization largely depended on the outcome of a lawsuit that was filed in the Northern District of Alabama, alleging fraud and embezzlement against former employees and banks. However, the alleged frauds were committed against the subsidiaries of Southland, a subsidiary of the debtor. [Tr. at 48, ll. 11-25; Tr. at 49, ll. 1-25; Tr. at 50, ll. 1-12]. Therefore, the debtor does not appear to have an interest in the action. Lunan also testified to attempts to start up a mini car business as part of the

5

reorganization efforts. However, no contracts or firm proposals had been made. [Tr. at 50, ll. 18-25; Tr. at 51, ll. 1-10; Tr. at 53, ll. 14 - Tr. 56, ll. 1-12].

Given the proof supporting a finding of a number of the *In re Laguna Assoc. Ltd. P'ship* factors, the exercise of the Bankruptcy Court's discretion in finding that the debtor's petition was filed in bad faith is not clearly erroneous. Accordingly, the United States submits that the judgment of the bankruptcy court must be affirmed.

Respectfully submitted,

James R. Dedrick
United States Attorney

By: *s/ J. Gregory Bowman*
J. Gregory Bowman
BPR No. 017896
Assistant United States Attorney
220 W. Depot Street; Suite 423
Greeneville, TN 37743
423-639-6759
greg.bowman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2009 a copy of the foregoing brief was filed electronically. Notice of this filing has been sent by operation of Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*s/ J. Gregory Bowman*
J. Gregory Bowman