# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| In re: | ) | |
| Paladin Holdings, Inc., | ) | |
|     Appellant, | ) | |
| | ) | |
| v. | ) | NO: 2:09-CV-62 |
| | ) | |
| General Electric Capital Corporation and | ) | |
| United States of America, | ) | |
|     Appellees. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on the appeal of Paladin Holdings, Inc. ("Paladin" or "debtor") of the order of the United States Bankruptcy Court for the Eastern District of Tennessee dated February 13, 2009, granting the motion of General Electric Capital Corporation ("GECC") to dismiss Paladin's Chapter 11 case pursuant to § 1112(b)(1) of the Bankruptcy Code, 11 U.S.C. § 1112(b). This Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 158(a)(1). The issues have been briefed and the matter is now ripe for disposition. For the reasons set forth more fully below, this Court AFFIRMS the order of the bankruptcy court.

**I.     Factual and procedural background**

On October 30, 2008, Paladin filed its voluntary petition under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Tennessee. Prior to the

filing of the petition, GECC had obtained a monetary judgment against Bad Toys Holdings, Inc., Paladin's predecessor company, in the United States District Court for the District of Maryland in the amount of $1,958,238.82. During GECC's efforts to collect the judgment, GECC sought relief from the district court requiring Paladin to produce certain documents. The Maryland District Court issued an order which required Paladin and its president and CEO, Larry N. Lunan ("Lunan") to deliver to GECC its original stock certificates for any of the debtor's subsidiaries or stock holdings or an accounting of the transfers of the debtor's stock holdings[1] from and after February 3, 2005. The court's order required compliance by October 30, 2008, and provided that noncompliance would result in Lunan's arrest. Instead of complying with the court order, the Chapter 11 petition at issue was filed, thus staying the enforcement proceedings in the Maryland District Court.

On December 31, 2008, GECC filed a motion in the bankruptcy court to dismiss debtor's Chapter 11 case, arguing that the petition was filed in bad faith. On February 13, 2009, the bankruptcy court held an evidentiary hearing on the motion to dismiss. Lunan testified at the hearing. On the same date, the bankruptcy court granted the motion and dismissed the case for cause, finding that the filing was in bad faith. The debtor filed its notice of appeal from the dismissal order on February 20, 2009.

---

[1] These stock certificates were to be held by GECC pending satisfaction of the money judgment.

## II. Analysis and discussion

As an initial matter, the debtor has filed a woefully inadequate brief in this appeal. The brief does not address the basis of appellate jurisdiction, does not contain a clear statement of the issues presented, and does not have appropriate references to the record. Paladin's brief does not contain any comprehensible or coherent argument, and its rambling and disorganized presentation makes it almost impossible for the Court to discern the true nature of debtor's contentions.[2] Paladin did file a

---

[2] Bankruptcy Rule 8010 provides:

> Unless the district court or the bankruptcy appellate panel by local rule otherwise provides, the form of brief shall be as follows:
>
> (1) Brief of the appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.
>
> (B) A statement of the basis of appellate jurisdiction.
>
> (C) A statement of the issues presented and the applicable standard of appellate review.
>
> (D) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of the proceedings, and the disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record.
>
> (E) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.
>
> (F) A short conclusion stating the precise relief sought.

pleading in the bankruptcy court which contains a "Statement Of Issues On Appeal" which frames the issue as follows:

> Whether the Court erred in properly applying the generally recognized basis for the determination for a bad faith dismissal, based on the statement of facts presented by the appellant, particularly considering the appellee presented no contrary evidence.

[Doc. 1-41]. Even this statement of the issue on appeal is largely incomprehensible and the Court is unable to clearly determine whether or not the debtor argues that the bankruptcy court applied the wrong legal standard, misapplied the correct standard or made clearly erroneous findings of fact. The distinction is important because of the standard of review which the Court applies. The bankruptcy court is the trier of fact in bankruptcy cases and the district court is bound by these findings unless they are clearly erroneous. *In re Batie: Investors Credit Corporation v. Batie*, 995 F.2d 85, 88 (6th Cir. 1993). The bankruptcy court's conclusions of law, on the other hand, are reviewed *de novo*. *In re Baker & Getty Financial Services, Inc.: WesBanco v. Raforth*, 106 F.3d 1255, 1259 (6th Cir. 1997).

To the extent Paladin argues that the bankruptcy court applied an incorrect legal standard, it is mistaken. There can be no doubt that a bankruptcy court may dismiss

---

Fed. R. Bankr. P. 8010(a). Although Paladin's appeal is likely subject to dismissal for its failure to comply with Rule 8010, the Court has chosen not to do so, but rather will address the issues raised by the appeal on the merits.

a Chapter 11 bankruptcy case for cause. 11 U.S.C. § 1112(b). Indeed, a "bankruptcy court has broad discretion to dismiss a Chapter 11 case under 11 U.S.C. § 1112(b)." *In re AMC Mortgage Co., Inc.: AMC Mortgage Co., Inc. v. Tennessee Dep't of Revenue*, 213 F.3d 917, 920 (6th Cir. 2000). It has been clearly established that a debtor's bad faith in filing a bankruptcy petition is cause for dismissal of a Chapter 11 case. *In re Trident Assoc. Ltd. Partnership: Trident Associates v. Metropolitan, Life*, 52 F.3d 127, 130 (6th Cir. 1995) ("We have consistently held that a debtor's Chapter 11 petition may be dismissed if it is filed in bad faith.").[3]

The Sixth Circuit has identified eight factors, none of which is dispositive, in determining whether a bankruptcy petition has been filed in bad faith: (1) the debtor has one asset; (2) the pre-petition conduct of the debtor has been improper; (3) there are only a few secured creditors; (4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court; (5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford; (6) the filing of the petition effectively allows the debtor to evade court

---

[3] Paladin asserts in its brief that the bankruptcy court "erred in accepting GECC's legal argument *In re Trident Assoc. Ltd. Partner*, 52 F.3d 127 130 (6th Cir. 1995)." It is unclear what contention the debtor is making with this largely incomprehensible statement. If the debtor is suggesting that *In re Trident* does not state the appropriate legal standard for determining when a bankruptcy petition is filed in bad faith, the debtor does not, as GECC points out, state what it believes the correct legal standard to be.

5

orders; (7) the debtor has no ongoing business or employees; and (8) the lack of possibility of reorganization. *In re Trident*, 52 F.3d at 131 (citing *In re Laguna Assoc. Ltd. P'ship v. Aetna Cas. & Sur. Co.*, 30 F.3d 734, 738 (6th Cir. 1994)). The determination of whether a petition was filed in good faith is a largely factual inquiry. *In re Laguna Assoc. Ltd. P'ship*, 30 F.3d at 738.

Paladin's brief does not clearly assert that the bankruptcy court's findings of fact were clearly erroneous, although that argument is implicit in the debtor's filing. A bankruptcy court's factual findings are clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Hertzel: Hertzel v. Educational Credit Mgmt. Corp.*, 239 B.R. 221, 225 (B.A.P. 6th Cir. 2005). The debtor cites no record evidence whatsoever in its brief which, as noted above, contains no citations to the record. Certainly the debtor makes no argument which leaves this Court with a definite and firm conviction that the bankruptcy court's findings were in error, much less clearly erroneous.

On the contrary, the record from the bankruptcy court contains evidence to support each of the findings related to the *In re Trident* factors by the bankruptcy court. As set forth in the oral findings of fact announced by the bankruptcy court, GECC obtained a judgment against the debtor in an amount in excess of $1.9 in the

United States District Court for the Eastern District of Maryland. Subsequent to the entry of that judgment, GECC sought the aid of the district court in an effort to enforce and collect its judgment. The district court order was entered compelling the debtor to produce certain stock certificates and other information not later than October 30, 2008. Although the debtor had consented to the relief requested by GECC in the district court, the debtor failed to comply with the district court's order and instead filed its Chapter 11 bankruptcy petition in the Eastern District of Tennessee on October 30, 2008. Paladin and GECC have proceeded to a standstill in state court, and the filing of the bankruptcy petition effectively allowed the debtor to evade the district court's orders. The bankruptcy court's findings are not only not clearly erroneous, they are clearly correct.

Furthermore, the bankruptcy court found that the debtor has no ongoing business and has no employees other than Lunan and his daughter. In addition, the bankruptcy court determined that the debtor in this case does not appear to have "a possibility of reorganizing, at least in the immediate future." The bankruptcy court also found that the debtor, a holding company, was without assets and had no income in 2008 and found that Lunan's testimony that significant assets and aged accounts receivable had been surrendered to GECC in an amount sufficient to pay the outstanding judgment was not credible. These findings too are not only not clearly

7

erroneous, they are supported by evidence in the record.

In short, the factual findings of the bankruptcy court were supported by evidence in the record and are not clearly erroneous. The bankruptcy court applied the correct legal standards to its findings of fact, and the dismissal of the Chapter 11 petition based on the bad faith of the debtor in filing the petition was clearly justified. Accordingly, the opinion of the bankruptcy court will be affirmed.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE